**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JAY ROBISON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON, <br><br> Defendants. | Case No.: 1:22-cv-00550-RP |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON, <br><br> Defendants. | Case No.: 1:22-cv-00731-RP |

**JONATHAN PLANTE'S MOTION AND MEMORANDUM OF LAW FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Jonathan Plante ("Movant") will and hereby does move this Court for entry of an order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Movant as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (3) approving Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel for the Class and Steckler Wayne Wayne Love, PLLC ("Steckler Law") as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant makes the following arguments in the below

Memorandum of Law,[1] and submits the Declaration of Braden M. Wayne in support thereof, and

a Proposed Order Appointing Movant as Lead Plaintiff.[2]

---

[1] Pursuant to the Court's Procedures and Practices, Movant has not filed a separate memorandum of law and instead include their argument *infra*.

[2] Local Rule 7(i) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7(i) be waived.

**TABLE OF CONTENTS**

SUMMARY ............................................................................................................................... 1

PROCEDURAL BACKGROUND ........................................................................................... 2

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

    I.      Consolidation of the Actions Is Appropriate ............................................... 4

    II.     Movant Should Be Appointed Lead Plaintiff ............................................... 5

        A.     Movant Filed a Timely Motion in Response to a PSLRA Notice .......................... 6

        B.     Movant Has the Largest Financial Interest ............................................. 6

        C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................. 7

            1.     Movant's Claims Are Typical With the Claims of the Class ........................... 8

            2.     Movant Is An Adequate Representative ............................................. 8

    III.    The Court Should Approve Movant's Choice of Counsel ......................................... 10

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ....................................................... 1

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ....................................................... 4

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ....................................................................................... 8

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) ........................................... 10

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) .......................................................................................... 4, 5

*Makhlouf v. Tailored Brands, Inc.*,
2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) ....................................................... 6

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ......................... 9

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ....................................................... 7

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ................................................................................................ 8

*Villare v. Abiomed, Inc.*,
2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29, 2020) ...................................................... 1

*In re Waste Mgmt. Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................... 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) consolidation of the Actions; (2) appointment as Lead Plaintiffs; and (3) approval of his selection of counsel on behalf of a class of persons and entities that purchased or otherwise acquired Digital Turbine, Inc. ("Digital Turbine" or the "Company") securities between August 9, 2021 through May 17, 2022, inclusive (the "Class Period")[3] and were damaged thereby. Movant seeks to recover damages under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), promulgated thereunder by the SEC against Defendants.

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi &

---

[3] Movant relies on the class period filed in the initial complaint. While an additional complaint was filed with a different class period, the complaint was filed on the eve of the 60-day filing deadline and appears to be a "product of gamesmanship," meaning that the expanded class period should be disregarded. *See Villare v. Abiomed, Inc.*, 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020).

Korsinsky") as lead counsel and Steckler Wayne Wayne Love, PLLC ("Steckler Law") as liaison counsel and should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## PROCEDURAL BACKGROUND

Plaintiff Jay Robison ("Robison") commenced the first above-captioned action against Digital Turbine in this Court on June 6, 2022 (the "*Robison* Action"). On June 8, 2022, counsel for Digital Turbine published a notice on *Business Wire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Digital Turbine that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Braden M. Wayne in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Wayne Decl.") at Exhibit ("Ex.") C.

On July 21, 2022, a substantially similar action was filed against Digital Turbine in this district, the *Kirshner* Action. Movant has requested consolidation of the *Robison* and *Kirshner* Actions.

## FACTUAL BACKGROUND[4]

Digital Turbine is a software company that delivers products to assist third parties in monetizing through the utilization of mobile advertising. ¶ 2. The Company completed the acquisitions of AdColony Holdings AS ("AdColony") and Fyber N.V. ("Fyber") on April 29 and May 25, 2021, respectively. *Id*.

---

[4] Citations to "¶ __" are to paragraphs of the *Robison* Complaint filed in the *Robison* Action. Citations to "¶ __" are to paragraphs of the *Robison* Complaint filed in the *Kirshner* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Robison* and *Kirshner* Complaints. The facts set forth in the *Robison* and *Kirshner* Complaints are incorporated herein by reference.

Throughout the Class Period, Defendants made materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company's recent acquisitions, AdColony and Fyber, act as agents in certain of their respective product lines; (2) that, as a result, revenues for those product lines must be reported net of license fees and revenue share, rather than on a gross basis; (3) that the Company's internal control over financial reporting as to revenue recognition was deficient; and (4) that, as a result of the foregoing, the Company's net revenues was overstated throughout fiscal 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

On May 17, 2022, Digital Turbine issued a press release revealing that it will "restate its financial statements for the interim periods ended June 30, 2021, September 30, 2021, and December 31, 2021, following a review of the presentation of revenue net of license fees and revenue share for the Company's recently acquired businesses." ¶ 3.

In response to this news, the Company's shares declined 7.1%, or $1.93, to close on May 18, 2022 at $25.28 per share, on unusually heavy trading volume. ¶ 4.

Then, on May 31, 2022, Digital Turbine issued a press release announcing the Company's Q4 and fiscal year 2022 financial results, in which Digital Turbine provided an earnings per share figure that missed consensus estimates and a weak revenue forecast. *Kirshner* ¶ 6.

On this news, the Company's shares dropped 22.61%, or $5.75, to close on June 1, 2022 at $19.68 per share, on unusually heavy trading volume. *Kirshner* ¶ 7.

**ARGUMENT**

**I.    Consolidation of the Actions Is Appropriate**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve

the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion

5

to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

**A.     Movant Filed a Timely Motion in Response to a PSLRA Notice**

On June 8, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Robison* Action was published on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Digital Turbine securities that they had until August 5, 2022 to file a motion to be appointed as lead plaintiff.

Movant files this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of Digital Turbine securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Wayne Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

**B.     Movant Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and

is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased a total of 12,750 shares, at a net cost of $518,585.23, and suffered approximately $166,947.61 using a last-in-first-out ("LIFO") analysis. *See* Wayne Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck*

*v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1.  Movant's Claims Are Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant allege that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Digital Turbine. Movant, like all of the members of the Class, purchased Digital Turbine shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfy the typicality requirement of Rule 23(a)(3).

### 2.  Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movants are clearly aligned with the members of the putative Class and whether there is evidence of any

8

antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at \*9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over twenty years. He resides in Sterling, Virginia, and has attended several college courses and have received certificates related to my businesses. Movant is currently the

owner of multiple businesses, including Lawns Limited which is landscaping and tree services, Broad Run Construction Services which is construction and remodeling, and East Coast Arborist which is a tree service. He has been in business for thirty years and has approximately forty employees. Further, Movant has experience overseeing attorneys, as he has hired attorneys for a personal injury matter. *See* Movant's Declaration, Ex. D to Wayne Decl. Accordingly, Movant meets the adequacy requirement of Rule 23.

### III.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012). Movant has retained Levi & Korsinsky to serve as lead counsel and Steckler Law to serve as liaison counsel on behalf of the Class. As reflected in the accompanying firm résumés, Levi & Korsinsky and Steckler Law possesses extensive experience and expertise in securities litigation and have the necessary resources to efficiently and effectively prosecute the Actions. *See* Wayne Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; (3) approving Movant's selection of Levi & Korsinsky as lead counsel and Steckler Law as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just

and proper.

Dated: August 5, 2022                          Respectfully submitted,

**STECKLER WAYNE CHERRY & LOVE, PLLC**

*/s/ Braden M. Wayne*
Braden M. Wayne
Texas Bar No.: 24075247
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
T: 972-387-4040
F: 972-387-4041
braden@swclaw.com

*Liaison Counsel for Movant and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, August 5, 2022, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Braden M. Wayne*
Braden M. Wayne
