**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JAY ROBISON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Case No.: 1:22-cv-00550-RP |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Case No.: 1:22-cv-00731-RP |

**ORDER CONSOLIDATING THE ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL**

WHEREAS, the above-captioned securities class actions has been filed against Digital Turbine, Inc., et al. (collectively "Defendants"), alleging violations of the federal securities laws;

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 8, 2022, Plaintiff in the first-filed action caused notice to be issued to potential class members of the action informing them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on August 5, 2022, Jonathan Plante ("Movant") moved the Court to: (1) consolidate the above-captioned actions (the "Actions"); (2) be appointed as Lead Plaintiff in the

Actions; and (3) approve Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel and Steckler Wayne Cochran Love, PLLC ("Steckler Law") as liaison counsel for the Class and;

WHEREAS, the PSLRA provides, inter alia, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfies the pertinent requirements of Fed. R. Civ. P. 23;

WHEREAS, the Court finds that Movant has the largest financial interest in the Action and satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23; 5 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**IT IS HEREBY ORDERED THAT:**

**I.    CONSOLIDATION OF RELATED ACTIONS**

1.      The above-captioned securities class actions (the "Actions") pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, are consolidated with the *Robison* Action under Case No. 1:22-cv-00550-RP (the "Consolidated Action").

2.      A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No. 1:22-cv-00550-RP. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.      Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE DIGITAL TURBINE, INC. SECURITIES LITIGATION | Master File No. 1:22-cv-00550-RP |
|---|---|

## II.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

4.      Movant has moved this Court to be appointed as Lead Plaintiff in the Consolidated Action and to approve the counsel he retained to be Lead Counsel.

5.      Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the Class.

6.      Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm Levi & Korsinsky to serve as Lead Counsel and Steckler Law to serve as Liaison Counsel. The Court approves Movant's selection of Lead and Liaison Counsel for the Consolidated Action.

7.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.  to coordinate the briefing and argument of any and all motions;

b.  to coordinate the conduct of any and all discovery proceedings;

c.  to coordinate the examination of any and all witnesses in depositions;

d.  to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.  to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;

f.  to coordinate all settlement negotiations with counsel for defendants;

g.  to coordinate and direct the pretrial discovery proceedings and the preparation for

3

trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

h.  to coordinate the preparation and filings of all pleadings; and

i.  to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

8.  No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

9.  Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10.  Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, as well as the spokespersons for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel. Lead Counsel shall be the contact between the Court and plaintiff and his counsel.

## III.  NEWLY FILED OR TRANSFERRED ACTIONS

11.  When a case that arises out of the subject matter of this Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a.  file a copy of this Order in the separate file for such action;

b.  deliver a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and;

4

c.   make the appropriate entry on the docket for this Consolidated Action.

12.     Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SO ORDERED:**

Dated: _____, 2022

_____
THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE