UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAY ROBISON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON, <br><br> Defendants. | Case No.  1:22-cv-00550-RP <br><br> MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MELISSA KIRSHNER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON, <br><br> Defendants. | Case No.  1:22-cv-00731-RP |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT..................................................................................................................... 5

I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 5

II.  KIRSHNER SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 6

    A.  Kirshner Is Willing to Serve as Class Representative ............................................ 6

    B.  Kirshner Has the "Largest Financial Interest" in the Related Actions ................... 7

    C.  Kirshner Otherwise Satisfies the Requirements of Rule 23.................................... 8

III.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11

CONCLUSION................................................................................................................. 12

COMPLIANCE WITH LOCAL RULE CV-7(g)......................................................... 14

CERTIFICATE OF SERVICE ........................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bremer v. Solarwinds Corp.*,
No. 1:21-CV-2-RP, 2021 U.S. Dist. LEXIS 124780 (W.D. Tex. Mar. 11,
2021) ..................................................................................................................5, 11

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) ......................................................................8, 9

*Giovagnoli v. Globalscape, Inc.*,
Civil Action No. SA-17-CV-753-XR, 2017 U.S. Dist. LEXIS 232558 (W.D.
Tex. Nov. 6, 2017) ............................................................................................7, 10

*Hohenstein v. Behringer Harvard Reit I, Inc.*,
No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20,
2012) ..................................................................................................................8, 11

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................................................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y.
Mar. 2, 2007)......................................................................................................7, 11

*In re Dynegy, Inc. Sec. Litig.*,
C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002)....................11

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)........................................................................8, 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................7

*James v. City of Dallas, Tex.*,
254 F.3d 551 (5th Cir. 2001) ..................................................................................9

*Kirshner v. Digital Turbine, Inc. et al*,
No. 1:22-cv-00731 ........................................................................................1, 3, 4

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................7

*Makhlouf v. Tailored Brands, Inc.*,
   No. H-16-0838, 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) ............................11

*Marcus v. J.C. Penney Co.*,
   No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014) ....................7, 9

*Mills v. Beech Aircraft Corp.*,
   886 F.2d 758 (5th Cir. 1989) ............................................................................................5

*Mullen v. Treasure Chest Casino, LLC*,
   186 F.3d 620 (5th Cir. 1999) ..........................................................................................10

*Ramzan v. GDS Holdings, Ltd.*,
   No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758 (E.D. Tex. Oct.
   26, 2018) .........................................................................................................................10

*Robison v. Digital Turbine et al*,
   No. 1:22-cv-00550 .................................................................................................1, 3, 4, 6

*Shiqiang Chen v. NQ Mobile*,
   No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672 (E.D. Tex. May 31, 2018).......................9

*Singh v. 21 Vianet Grp., Inc.*,
   No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385 (E.D. Tex. Sept.
   21, 2015) ........................................................................................................................8, 9

*Stein v. Match Group, Inc.*,
   No. 16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) .............................................9

*Tran v. XBiotech Inc.*,
   No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 23,
   2016) ..............................................................................................................................8, 9

**Statutes**

15 U.S.C. § 78u-4(a)(3) ........................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

Securities Exchange Act of 1934 ......................................................................................1, 5, 7, 9

**Rules and Regulations**

17 C.F.R. § 240.10b-5..............................................................................................................1, 5

Fed. R. Civ. P. 23................................................................................................... *passim*

Fed. R. Civ. P. 42................................................................................................................1, 2, 5

Local Rule CV-7(g) ...............................................................................................................14

**Other Authorities**

5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24 (3d ed. 2000) ...............................9

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Melissa Kirshner ("Kirshner"), by and through her counsel, will and does hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Kirshner as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Digital Turbine, Inc. ("Digital Turbine" or the "Company") securities between February 26, 2021 and May 31, 2022, inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel, for the Class.[1]

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that, during the Class Period, Digital Turbine and certain of its officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and United States ("U.S.") Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting Digital Turbine's business and operations.  Digital Turbine investors, including Kirshner, incurred significant losses following the disclosure of the alleged fraud, which caused

---

[1] On June 6, 2022, the first-filed of the Related Actions, styled *Robison v. Digital Turbine et al,* No. 1:22-cv-00550 (the "*Robison* Action"), was filed in this Court, alleging a class period extending from August 9, 2021 through May 17, 2022, inclusive. *See Robison* Action, Dkt. No. 1 ¶ 1. On July 21, 2022, the second-filed of the Related Actions, styled *Kirshner v. Digital Turbine, Inc. et al,* No. 1:22-cv-00731 (the "*Kirshner* Action") was filed in this Court, alleging substantially the same wrongdoing against the same defendants, and alleging a larger class period extending from February 26, 2021 through May 31, 2022, inclusive.  *See Kirshner* Action, Dkt. No. 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Kirshner* Action.

the prices of Digital Turbine securities to fall sharply, damaging Kirshner and other Digital Turbine investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Kirshner, having incurred losses of approximately $694,538 in connection with her Class Period purchases of Digital Turbine securities, believes that she has the largest financial interest in the relief sought in the Related Actions.  *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Exhibit ("Ex.") A.

Beyond her significant financial interest, Kirshner also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

To fulfill her responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Kirshner has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S.  Based in New York, Pomerantz also maintains offices in Chicago, Los Angeles, and Paris,

France.  Kirshner has also selected the highly respected firm BLF, which has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, Kirshner respectfully requests that the Court enter an order consolidating the Related Actions, appointing her as Lead Plaintiff for the Class, and approving her selection of Pomerantz as Lead Counsel, and BLF as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

As the Complaints in the Related Actions allege, Digital Turbine is a software company that delivers products to assist third parties in monetizing through the utilization of mobile advertising.  *Robison* Action, Dkt. No. 1, at ¶ 2; *Kirshner* Action, Dkt. No. 1, at ¶ 2.  The Company completed the acquisitions of AdColony Holdings AS ("AdColony") and Fyber N.V. ("Fyber") on April 29 and May 25, 2021, respectively.  *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  *See Robison* Action, Dkt. No. 1, at ¶ 5; *Kirshner* Action, Dkt. No. 1, at ¶ 3.  Specifically, Defendants failed to disclose to investors: (i) the Company's recent acquisitions, AdColony and Fyber, act as agents in certain of their respective product lines; (ii) as a result, revenues for those product lines must be reported net of license fees and revenue share, rather than on a gross basis; (iii) the Company's internal control over financial reporting as to revenue recognition was deficient and the Company relatedly conducted insufficient due diligence into AdColony and Fyber; (iv) accordingly, it was unlikely the Company would be able to accurately report the revenues associated with the AdColony and Fyber acquisitions; (v) as a result of the foregoing, the Company's net revenues were overstated throughout fiscal 2022; and (vi) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and

prospects were materially misleading and/or lacked a reasonable basis. *Kirshner* Action, Dkt. No. 1, at ¶ 3

On May 17, 2022, Digital Turbine issued a press release revealing that it will "restate its financial statements for the interim periods ended June 30, 2021, September 30, 2021, and December 31, 2021, following a review of the presentation of revenue net of license fees and revenue share for the Company's recently acquired businesses." *Robison* Action, Dkt. No. 1, at ¶ 3; *Kirshner* Action, Dkt. No. 1, at ¶ 4. In a SEC filing on Form 8-K made that same day, Digital Turbine specified that the "recently acquired businesses" at issue were AdColony and Fyber. *Kirshner* Action, Dkt. No. 1, at ¶ 4.

On this news, the Company's shares fell $1.93, or 7.1%, to close at $25.28 per share on May 18, 2022, on unusually heavy trading volume. *Robison* Action, Dkt. No. 1, at ¶ 4; *Kirshner* Action, Dkt. No. 1, at ¶ 5.

Then, on May 31, 2022, Digital Turbine issued a press release announcing the Company's Q4 and fiscal year 2022 financial results, in which the Company provided an earnings per share figure that missed consensus estimates and a weak revenue forecast. *Kirshner* Action, Dkt. No. 1, at ¶ 6.

On this news, the Company's shares fell $5.75, or 22.61%, to close at $19.68 per share on June 1, 2022, on unusually heavy trading volume. *Kirshner* Action, Dkt. No. 1, at ¶ 7.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages. *See Robison* Action, Dkt. No. 1, at ¶ 6; *Kirshner* Action, Dkt. No. 1, at ¶ 8.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Bremer v. Solarwinds Corp.*, No. 1:21-CV-2-RP, 2021 U.S. Dist. LEXIS 124780, at *3-*4 (W.D. Tex. Mar. 11, 2021) (consolidating two class action lawsuits alleging violations of the federal securities laws that shared "virtually identical factual and legal issues" and "assert[ed] claims under the Exchange Act").

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the SEC, by an overlapping group of defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## II.   KIRSHNER SHOULD BE APPOINTED LEAD PLAINTIFF

Kirshner should be appointed Lead Plaintiff because, to her knowledge, she has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Kirshner satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.   Kirshner Is Willing to Serve as Class Representative

On June 6, 2022, counsel for plaintiff in the *Robison* Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Digital Turbine securities that they had until August 5, 2022—*i.e.*, 60 days from the

Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Briscoe Decl., Ex. B. Kirshner has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Kirshner satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B.      Kirshner Has the "Largest Financial Interest" in the Related Actions**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Kirshner has the largest financial interest of any Digital Turbine investor or group of investors seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this District specifically.  *See, e.g.*, *Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 U.S. Dist. LEXIS 232558, at *7-*8 (W.D. Tex. Nov. 6, 2017); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *13-*15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F.

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, Kirshner: (1) purchased 14,360 shares of Digital Turbine securities; (2) expended $958,220 on her purchases of Digital Turbine securities; (3) retained 14,360 of her Digital Turbine shares; and (4) incurred losses of approximately $694,538 in connection with her Class Period purchases of Digital Turbine securities. *See* Briscoe Decl., Ex. A. To the extent that Kirshner possesses the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C.    Kirshner Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at *5-*6 (W.D. Tex. Feb. 23, 2016); *Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *6 (N.D. Tex. Dec. 20, 2012). Moreover,

8

"'[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'" *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018) (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, *15 (citing *Buettgen*, 263 F.R.D. at 381)); *Singh*, 2015 U.S. Dist. LEXIS 125385, at *4 ("When naming a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441; *see also, e.g.*, *Tran*, 2016 U.S. Dist. LEXIS 22279, at *5-*6.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "the same essential characteristics as those of the other proposed class members." *Tran*, 2016 U.S. Dist. LEXIS 22279, at *6; *Shiqiang*, 2018 U.S. Dist. LEXIS 92672, at *5; *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Kirshner's claims are typical of those of the Class. Kirshner alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Digital Turbine. Kirshner, as did all Class members, purchased Digital Turbine securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove the price of Digital Turbine's securities downward.

These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018); *Giovagnoli*, 2017 U.S. Dist. LEXIS 232558, at *10 ("A proposed lead plaintiff is an adequate representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees."); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

As set forth in greater detail below, in Pomerantz and BLF, Kirshner has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits her choice of Pomerantz and BLF to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Kirshner's interests and the interests of the Class. Moreover, Kirshner has submitted a signed Certification declaring her commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. C), and the significant losses incurred by Kirshner demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

10

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.    *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).    The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bremer*, 2021 U.S. Dist. LEXIS 124780, at *6; *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *8 (S.D. Tex. Mar. 23, 2017); *Hohenstein*, 2012 U.S. Dist. LEXIS 180013, at *7-*8; *In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002).

Kirshner has selected Pomerantz as Lead Counsel, and BLF as Liaison Counsel, for the Class.    Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume.    *See* Briscoe Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.    *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

BLF is likewise well-qualified to serve as Liaison Counsel.    As its firm resume reflects, BLF maintains an office in Dallas, Texas, and the firm specializes in securities class action matters, among other practice areas.  *See* Briscoe Decl., Ex. E.  BLF has experience in achieving substantial

recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Kirshner's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Kirshner's selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Kirshner respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel, and BLF to serve as Liaison Counsel, for the Class.

## CONCLUSION

For the foregoing reasons, Kirshner respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Kirshner as Lead Plaintiff for the Class; and (3) approving her selection of Pomerantz as Lead Counsel, and BLF as Liaison Counsel, for the Class.

Dated: August 5, 2022

Respectfully submitted,

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE
State Bar Number 24001788
THE BRISCOE LAW FIRM, PLLC
12700 Park Central Drive, Suite 520
Dallas, TX 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Counsel for Kirshner and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application submitted)
J. Alexander Hood II
(*pro hac vice* application submitted)
600 Third Avenue, 20th Floor

12

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Kirshner and*
*Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application submitted)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional counsel for Kirshner*

13

**COMPLIANCE WITH LOCAL RULE CV-7(g)**

Kirshner is aware of Local Rule CV-7(g), which provides, in relevant part: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made."  Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is August 5, 2022, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i).  Kirshner will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until August 6, 2022—the day after the statutory deadline—making conferral to resolve the matter by agreement prior to the filing of Kirshner's motion papers impracticable.   Under these circumstances, Kirshner respectfully requests that compliance with Local Rule CV-7(g) be waived in this instance.

14

**CERTIFICATE OF SERVICE**

This is to certify that on August 5, 2022, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE

15