IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAY ROBISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:22-cv-00550-RP<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT JAMES LOWRY FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:22-cv-00731-RP<br><br>CLASS ACTION |

Movant James Lowry ("Movant"), through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order:

(a)     consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a);

(b)     appointing Movant as Lead Plaintiff in this action; and

1

(c)      approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Cochran Law PLLC as Liaison Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits: (1) a Memorandum of Law, attached herein; (2) an Appendix with exhibits, dated August 5, 2022; and (3) a [Proposed] Order Consolidating the Related Cases, Appointing Movant as Lead Plaintiff, and Approving Movant's Selection of Counsel.

### Certificate of Conference

Local Court Rule CV-7(G) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(G) be waived.

### MEMORANDUM OF LAW

Movant James Lowry ("Movant"), respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the above-captioned related actions as they involve common questions of law and fact, and consolidation would promote judicial economy;

(b)      appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of Digital Turbine, Inc. ("Digital Turbine" or the "Company") between August 9, 2021, and May 17, 2022, inclusive (the "Class Period"); and

(c)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Cochran Law PLLC ("Cochran Law") as Liaison Counsel.

## BACKGROUND

The first of the two above-captioned actions, *Robinson v. Digital Turbine, Inc., et al.,* Case No. 1:22-cv-00550-RP, was filed on June 6, 2022, in this Court against the Company, William Stone, and Barrett Garrison ("Defendants") for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix (the "App.") filed herewith. On July 21, 2022, the second related action, *Kirshner v. Digital Turbine, Inc., et al.,* Case No. 1:22-cv-00731-RP, was filed against the same Defendants alleging substantially similar claims under the Exchange Act.

Digital Turbine is a software company that delivers products to assist third parties in monetizing through the utilization of mobile advertising. On April 21, 2021, and May 25, 2021, respectively, Digital Turbine acquired AdColony Holdings AS and Fyber N.V. (collectively, the "Acquired Companies"). The complaints allege that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Digital Turbine's recent acquisitions of the Acquired Companies, act as agents in certain of their respective product lines; (2) as a result, revenues for those product lines must be reported net of license fees and revenue share, rather than on a gross basis; (3) Digital Turbine's internal control over financial reporting as to revenue recognition was deficient; (4) as a result of the foregoing, Digital Turbine's net revenues was overstated throughout fiscal 2022; and (5) as a result of the foregoing, defendants'

3

positive statements about Digital Turbine's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 17, 2022, the Company revealed that it would need to restate its financial statements for the period ended June 30, 2021, September 30, 2021, and December 31, 2021. Digital Turbine stated, in part, that in connection with the integration of the Acquired Companies, "management performed a review of the presentation of revenues and license fees and revenue share based on the accounting guidance for revenue recognition, including considerations of principal and agent (or "gross and net") presentation. After a detailed review of the Acquired Companies product lines and related contracts with customers and publishers, the Company concluded that each Acquired Company acts as an agent in certain of their respective product lines and, as a result, the revenues for those product lines should be reported net of license fees and revenue share." In a Form 8-K filed with the SEC on May 17, 2022, Digital Turbine disclosed that the "Company's disclosure controls and procedures were not effective on June 30, 2021, September 30, 2021, and December 31, 2021."

On this news, Digital Turbine's share price fell $1.93 per share, or 7.1%, to close at $25.28 per share on May 18, 2022. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

4

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of the Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.      Movant is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that he is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $112,231.40 in connection with purchases of Digital Turbine securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in Digital Turbine securities during the Class Period.

6

Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

    **C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants

violated the Exchange Act by publicly disseminating false and misleading statements concerning Digital Turbine and its business. Movant, as well as other members of the class, purchased Digital Turbine shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D.   Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a)   will not fairly and adequately protect the interests of the class; or

(b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant has been investing for at least 20 years and lives in Texas. He recently retired and previously worked in medical sales. Movant's ability and desire to represent the class fairly and adequately has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

### III.        MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Cochran Law as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions. The firms have successfully prosecuted securities litigations and class actions, obtaining substantial recoveries on behalf of investors. *See* App., Exhibits 4-5.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel and Cochran Law as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: August 5, 2022,                    Respectfully submitted,

                                          **COCHRAN LAW PLLC**

                                          */s/ Stuart L. Cochran*
                                          Stuart L. Cochran
                                          Texas Bar No. 24027936
                                          8140 Walnut Hill Ln. | Suite 250
                                          Dallas, TX 75231
                                          T: 469.333.3405
                                          F: 469.333.3406
                                          Email: stuart@scochranlaw.com

                                          *[Proposed] Liaison Counsel for*
                                          *Movant and the Class*

                                          **THE ROSEN LAW FIRM, P.A.**
                                          Laurence Rosen, Esq. (*pro hac vice* to be filed)
                                          Phillip Kim, Esq. (*pro hac vice* to be filed)
                                          275 Madison Avenue, 40th Floor
                                          New York, NY 10116
                                          Phone: (212) 686-1060
                                          Fax: (212) 202-3827
                                          Email: lrosen@rosenlegal.com
                                          Email: pkim@rosenlegal.com

                                          *[Proposed] Lead Counsel for Movant and Class*


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                          */s/ Stuart L. Cochran*
                                          Stuart L. Cochran