UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAY ROBISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL TURBINE, INC., et al.,<br><br>Defendants. | Civil Action No. 1:22-cv-00550-RP |
| MELISSA KIRSHNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL TURBINE, INC., et al.,<br><br>Defendants. | Civil Action No. 1:22-cv-00731-RP |

**THE PENSION FUNDS AND RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**I.      INTRODUCTION**

The above-captioned related securities class action lawsuits were filed on behalf of

purchasers or acquirers of Digital Turbine, Inc. ("Digital Turbine" or the "Company") securities

between February 26, 2021 and May 31, 2022, inclusive (the "Class Period") against the Company

and two senior executive officers for alleged violations of §10(b) and §20(a) of the Securities

- 1 -

4873-8626-9997.v1

Exchange Act of 1934 ("Exchange Act").[1]  In securities class actions such as these, the Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  United Wire Metal and Machine Pension Fund, Local 810 Affiliated Pension Fund, and City of Pontiac Reestablished General Employees' Retirement System (the "Pension Funds and Retirement System") should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Funds and Retirement System's selection of Robbins Geller Rudman & Dowd LLP as lead counsel should be approved because the Firm possesses extensive experience prosecuting complex securities class actions and will adequately represent the interests of all class members.

## II.    CONFERENCE OF COUNSEL

Counsel for the Pension Funds and Retirement System is aware of Local Court Rule CV-7.G's conferral requirement before filing any motion.  However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not

---

[1]    The Related Actions are *Robison v. Digital Turbine, Inc.*, No. 1:22-cv-00550 (W.D. Tex.) and *Kirshner v. Digital Turbine, Inc.*, No. 1:22-cv-00731 (W.D. Tex.).

4873-8626-9997.v1

individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff no later than 60 days following published notice of the complaint's filing, 15 U.S.C. §78u-4(a)(3)(B)(i), the Pension Funds and Retirement System's counsel will not know which other class members, if any, will seek appointment as lead plaintiff until after motions are filed on August 5, 2022. Consequently, counsel for the Pension Funds and Retirement System respectfully requests that the conferral requirement be waived in this narrow instance.

## III.   FACTUAL BACKGROUND

Digital Turbine is a software company that delivers products to assist third parties in monetizing through the utilization of mobile advertising. Digital Turbine completed the acquisitions of AdColony Holdings AS and Fyber N.V. on April 29 and May 25, 2021, respectively.

The complaints allege that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Digital Turbine's recent acquisitions, AdColony and Fyber, act as agents in certain of their respective product lines; (ii) as a result, revenues for those product lines must be reported net of license fees and revenue share, rather than on a gross basis; (iii) Digital Turbine's internal control over financial reporting as to revenue recognition was deficient; and (iv) as a result, Digital Turbine's net revenues were overstated throughout fiscal 2022.

On May 17, 2022, Digital Turbine issued a press release revealing that it will "restate its financial statements for the interim periods ended June 30, 2021, September 30, 2021, and December 31, 2021, following a review of the presentation of revenue net of license fees and revenue share for [Digital Turbine's] recently acquired businesses." ECF 1 at ¶3. On this news, the price of Digital Turbine shares fell by more than 7%, damaging investors.

Then, on May 31, 2022, Digital Turbine issued a press release announcing its fourth quarter and fiscal year 2022 financial results, in which Digital Turbine provided an earnings per share figure

- 3 -

that missed consensus estimates and a weak revenue forecast.  On this news, Digital Turbine shares fell by more than 22%, further damaging investors.

## IV.    ARGUMENT

### A.    The Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against the same defendants during overlapping class periods.[2] Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases.  Thus, consolidation is appropriate here.

### A.    The Pension Funds and Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

---

[2]    The two complaints allege overlapping, but slightly different, Class Periods.  *Compare Robison* ECF 1 at ¶1 (alleging August 9, 2021 through May 17, 2022 Class Period) *with Kirshner* ECF 1 at ¶1 (alleging February 26, 2021 through May 31, 2022 Class Period).  The court-appointed Lead Plaintiff will resolve these differences upon the filing of a consolidated complaint.

- 4 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). The Pension Funds and Retirement System meet each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

On June 6, 2022, the named plaintiff's counsel published notice of this action on *Business Wire*, advising potential class members of the pendency of the action, the claims asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or by August 5, 2022. *See* Affidavit of Joe Kendall in Support of the Pension Funds and Retirement System's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Kendall Aff."), Ex. A, Appendix Tab 1. The Pension Funds and Retirement System's Motion is therefore timely and it is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Funds and Retirement System Have a Substantial Financial Interest in the Relief Sought by the Class

During the *Kirshner* Class Period, the Pension Funds and Retirement System collectively expended $810,801 purchasing 13,527 shares of Digital Turbine stock and suffered approximately $529,986 in losses pursuant to the first-in, first-out ("FIFO") accounting method or $459,385 pursuant to the last-in, first-out ("LIFO") accounting method – a substantial interest in the relief sought by the putative class. *See* Kendall Aff., Exs. B-C.[3]

---

[3] During the *Robison* Class Period, the Pension Funds and Retirement System expended $666,442 purchasing 11,202 shares of Digital Turbine stock and suffered approximately $407,214 (FIFO) or $342,146 (LIFO) in losses.

4873-8626-9997.v1

### 3.     The Pension Funds and Retirement System Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Enron*, 206 F.R.D. at 441.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Id.* (citation omitted).  "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'" *Id.* (citation omitted).

Here, if successful in proving their injury and losses resulting from defendants' allegedly false and misleading statements, the Pension Funds and Retirement System will necessarily prove the conduct underlying all class members' claims, just as they will establish the elements of those claims.  Indeed, like all other members of the class, the Pension Funds and Retirement System: (1) purchased Digital Turbine common stock; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  The Pension Funds and Retirement System are "well suited to adequately represent the purported class" because they have "a significant financial interest in the litigation," have selected "competent counsel" and "as . . . institutional investor[s], [they are] accustomed to acting in the role of a fiduciary, and [their] experience with investing and financial matters will only benefit the class." *Gluck v CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).  As indicated "through the PSLRA, Congress has

- 6 -

unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors." *Id*. at 548.

The Pension Funds and Retirement System are also adequate because their interests in the action are aligned with the interests of the other members of the class. The Pension Funds and Retirement System are highly incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing based on, among other things, the substantial losses they suffered. Further, each of the Pension Fund and Retirement System has experience serving in a fiduciary capacity and supervising the work of outside counsel. As set forth in greater detail in the Joint Declaration submitted herewith (*see* Kendall Aff., Ex. D), the Pension Funds and Retirement System understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. The Pension Funds and Retirement System's collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing pension fund assets. Thus, the Pension Funds and Retirement System have the incentive and commitment to vigorously prosecute this action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel. In fact, the Pension Funds and Retirement System are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001). Accordingly, the Pension Funds and Retirement System readily satisfy the adequacy requirement.

4873-8626-9997.v1

Because the Pension Funds and Retirement System filed a timely Motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that the Pension Funds and Retirement System are the "most adequate plaintiff."

**B.     The Court Should Approve the Pension Funds and Retirement System's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Pension Funds and Retirement System have selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts in *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion) and *In re Dynegy Inc. Sec. Litig.*, No. 4:02-cv-01571 (S.D. Tex.) ($474 million). The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[4] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful

---

[4]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

- 8 -

law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at \*14 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) ("Lead Counsel have amply demonstrated their competence through their representation of Lead Plaintiffs in this action to date, including their successful negotiation of a $149.75 million settlement of the claims made by Lead Plaintiffs. This is the largest cash settlement in a securities class action ever in this District. It is also one of the largest securities class action recoveries ever obtained in the United States in a case not involving a restart of never reported earnings."). Texas attorney and former United States District Judge Joe Kendall was co-lead counsel in *Schwartz.*

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller as sole lead counsel secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). The Pension Funds and Retirement System selected lead counsel that, in addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, is responsible for obtaining the largest PSLRA recoveries in the Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

---

[5]    *See Enron* ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*)*; *Dynegy* ($474 million recovery is second-largest in this District); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh

As such, the Pension Funds and Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.     CONCLUSION

The Related Actions involve common issues of law and fact and should be consolidated.  In addition, the Pension Funds and Retirement System satisfies each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Funds and Retirement System respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  August 5, 2022                                   Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)


                                                                    *s/ Joe Kendall*
                                                                     JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

---

Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4873-8626-9997.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

Additional Counsel for Proposed Lead Plaintiff

- 11 -

**CERTIFICATE OF SERVICE**

I caused the filing of the foregoing document and attached exhibits through the Court's

CM/ECF system on August 5, 2022, which will serve all counsel of record.

*s/ Joe Kendall*
JOE KENDALL

4873-8626-9997.v1