# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAY ROBISON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Civil Action No. 1:22-cv-00550-RP<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HOWARD J. BURCH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Civil Action No. 1:22-cv-00731-RP |

## MOTION

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Howard J. Burch ("Burch") respectfully moves this Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Burch as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Burch's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Ahmad, Zavitsanos & Mensing P.C. ("AZA Law") as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

This Motion is supported by the following Memorandum of Law, the Declaration of Sammy Ford IV and the exhibits attached thereto, a Proposed Order, and all of the prior pleadings and proceedings in this matter, and such other written and/or oral argument as may be permitted by the Court.

Rule CV-7(G) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Burch will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Burch respectfully requests that the conferral requirement of Rule CV-7(G) be waived.

**MEMORANDUM OF LAW**

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Digital Turbine, Inc. ("Digital Turbine" or the "Company") securities between February 26, 2021 and May 31, 2022, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Burch is the "most adequate plaintiff" as defined by the PSLRA.

Burch believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Burch satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Burch respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Burch's selection of GPM as lead counsel and AZA Law as liaison counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    STATEMENT OF FACTS

Digital Turbine is a software company that delivers products to assist third parties in monetizing through the utilization of mobile advertising. The Company completed its acquisitions of AdColony Holdings AS ("AdColony") on April 29, 2021, and Fyber N.V. ("Fyber") on May 25, 2021.

The complaint filed in this action alleges that the defendants made materially false and/or misleading statements throughout the Class Period, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (i) the Company's recent acquisitions, AdColony and Fyber, act as agents in certain of their respective product lines; (ii) as a result, revenues for those product lines must be reported net of license fees and revenue share, rather than on a gross basis; (iii) the Company's internal control over financial reporting as to revenue recognition was deficient and the Company relatedly conducted insufficient due diligence into AdColony and Fyber; (iv) accordingly, it was unlikely the Company would be able to accurately report the revenues associated with the AdColony and Fyber acquisitions; (v) as a result of the foregoing, the Company's net revenues were overstated throughout fiscal 2022; and (vi) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 17, 2022, Digital Turbine disclosed that it would "restate its financial statements for the interim periods ended June 30, 2021, September 30, 2021, and December 31, 2021, following a review of the presentation of revenue net of license fees and revenue share for the Company's recently acquired businesses." In a SEC filing on Form 8-K made that same day, Digital Turbine specified that the "recently acquired businesses" at issue were AdColony and Fyber. On this news, the Company's share price fell $1.93, or 7.1%, to close at $25.28 per share on May 18, 2022, on unusually heavy trading volume.

3

Then, on May 31, 2022, Digital Turbine issued a press release announcing the Company's Q4 and fiscal year 2022 financial results, in which the Company provided an earnings per share figure that missed consensus estimates and a weak revenue forecast. On this news, the Company's share price fell $5.75, or 22.61%, to close at $19.68 per share on June 1, 2022, on unusually heavy trading volume

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Plaintiffs and members of the class have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On June 6, 2022, Plaintiff Jay Robison commenced the first securities fraud class action against Digital Turbine and certain of its officers in this District, captioned Robison *v. Digital Turbine, Inc., et al.*, Case No. 1:22-cv-00550-RP (the "*Robison* Action"). It is brought on behalf of persons that purchased Digital Turbine common stock between August 9, 2021 and May 17, 2022.

On July 21, 2022, Plaintiff Melissa Kirshner commenced a similar class action in this District, captioned *Kirshner v. Digital Turbine, Inc., et al.*, Case No. 1:22-cv-00731-RP (the "*Kirshner* Action" and together with the *Robison* Action the "Related Actions"). The *Kirshner* Action expanded the class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Digital Turbine securities between February 26, 2021 and May 31, 2022.

## IV.    ARGUMENT

### A.    The Related Actions Should be Consolidated for All Purposes

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Exchange Act of 1934, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (consolidating actions when there were "substantial commonalities," "overlapping [d]efendants," and "a common core of facts and legal issues").

### B.      Burch Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

5

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Burch satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Burch has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Burch is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Burch respectfully submits that he should be appointed lead plaintiff.

### 1.      Burch Filed a Complaint and a Timely Motion

Burch filed the *Burch* Action and has made a timely motion in response to a PSLRA early notice. On June 6, 2022, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Sammy Ford IV ("Ford Decl.") Ex. A. Therefore, Burch had sixty days (*i.e.*, until August 5, 2022) to file a complaint or motion to be appointed as lead plaintiff. As a purchaser of Digital Turbine securities during the Class Period, Burch is a member of the proposed class and has timely filed a complaint motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Burch attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Ford Decl., Ex. B. Accordingly, Burch satisfies the first requirement to serve as lead plaintiff for the class.

### 2.      Burch Has the "Largest Financial Interest"

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Burch believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Burch purchased Digital Turbine securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $700,614.24. *See* Ford Decl., Ex. C. To the best of his knowledge, Burch is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Burch believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Burch Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *see also Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at *4 (N.D. Tex. 2012). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies the

typicality and adequacy requirements of Rule 23. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As detailed below, Burch satisfies the typicality and adequacy requirements.

### a)    Burch's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Burch's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Burch alleges that the defendants' material misstatements and omissions concerning Digital Turbine's business, operations, and financial prospects violated the federal securities laws. Burch, like all members of the class, purchased Digital Turbine securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Burch's interests and claims are "typical" of the interests and claims of the class.

### b)    Burch Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Burch easily satisfies the adequacy requirements. Burch's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Burch is not aware

of any conflict between his claims and those asserted on behalf of the class. Burch is a retired business owner that resides in Kinneoln, New Jersey, and has been managing his own investments for more than 15 years. Moreover, Burch has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Ford Decl., Exs. D and E. Consequently, Burch has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### C.    Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Burch has selected GPM as lead counsel for the class and AZA Law as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Ford Decl., Exs. D and E, the Court may be assured that if this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Burch's selection of counsel.

### V.    CONCLUSION

For the foregoing reasons, Howard J. Burch respectfully requests that the Court enter an Order: (1) consolidating the Related Actions; (2) appointing Burch as Lead Plaintiff; (3) approving GPM as Lead Counsel and AZA Law as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: August 5, 2022

Respectfully submitted,

**AHMAD, ZAVITSANOS & MENSING P.C.**

*/s/ Sammy Ford IV*
Sammy Ford IV
State Bar No. 24061331
Jordan Warshauer
State Bar No. 24086613
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email:  sford@azalaw.com
        jwarshauer@azalaw.com

*Liaison Counsel for Lead Plaintiff Movant Howard J. Burch and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Howard J. Burch and Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this day, August 5, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Sammy Ford IV
Sammy Ford IV