**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JAY ROBISON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Civil Action No. 1:22-cv-00550-RP<br><br>**HOWARD J. BURCH'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| MELISSA KIRSHNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL TURBINE, INC., WILLIAM STONE, and BARRETT GARRISON,<br><br>Defendants. | Civil Action No. 1:22-cv-00731-RP |

Lead Plaintiff Movant Howard J. Burch ("Burch") submits this memorandum of law in opposition to the four competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members in this action (Dkt. Nos. 12, 13, 17, 18).[1]

## I.    INTRODUCTION

Five movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Burch (Dkt. No. 20); Melissa Kirshner ("Kirshner") (Dkt. No. 13); The United Wire Metal and Machine Pension Fund, Local 810 Affiliated Pension Fund, and City of Pontiac Reestablished General Employees' Retirement System (the "Fund Group") (Dkt. No. 18); Jonathan Plante ("Plante") (Dkt. No. 12); and James Lowry ("Lowry") (Dkt. No. 17). Plante and Lowry have since withdrawn their bids for appointment as lead plaintiff by filing a notice of non-opposition to the competing motions or withdrawing their motion. *See* Dkt. Nos. 23, 24. As such, only Burch, Kirshner, and the Fund Group remain.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Burch's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 22), Burch has the largest financial interest in the relief sought by the

---

[1] All lead plaintiff movants agree that the related actions should be consolidated. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

class. Burch's financial interest, as measured by his last-in first-out ("LIFO") loss, is $693,355. As such, Burch is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Burch is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Burch should be appointed lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.   ARGUMENT

### A.   Burch Is The Presumptively Most Adequate Plaintiff

Burch satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Burch filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 20; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Burch satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 20 at 8-10; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Burch has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

#### 1.   A Movant's LIFO Financial Loss Is The Appropriate Method For Determining Financial Interest

While "[t]he PSLRA does not define 'largest financial interest' or explain how such a determination should be made," courts have looked to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered during the class period." *See Giovagnoli v. GlobalSCAPE, Inc.*, No. 17-cv-753, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

However, "[c]ourts consistently consider the fourth factor—the approximate losses suffered—as most determinative to identify the plaintiff with the largest financial loss." *See id.* ("Accordingly, the Court will concentrate on the approximate losses claimed by each movant to determine which plaintiff has the largest financial interest."); *see also Strong v. AthroCare Corp.,* No. 08-cv-574, 2008 WL 11334942, at *5 (W.D. Tex. Dec. 10, 2008) (same). "In fact, most courts . . . look exclusively to 'which potential lead plaintiff has suffered the greatest total losses.'" *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 565 n.2 (E.D. Tex. 2021) (citing *Takara Tr. v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Exclusive reliance on the fourth factor (loss) "is logical" since "the fourth factor . . . is a function of the first three." *Patel*, 549 F. Supp. 3d at 565 n.2.

Considering movants' respective losses alone for financial interest is consistent with caselaw in other districts throughout the country. *See, e.g.*, *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)); *see also Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citing *Bruce v. Suntech Power Holdings Co.*, No. 12-cv-04061-RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)).[3] Moreover, when

---

[3] In fact, recent cases have appointed movants that have the larger financial loss even when they have lesser interests under the other three factors. *See, e.g.*, *In re Cheetah Mobile, Inc. Sec. Litig.*, No. 20-cv-5696, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021); *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, No. 20-cv-8760, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021); *Weiss v.*

comparing losses between movants under the PSLRA, even a small advantage is sufficient to grant the movant presumptive lead plaintiff status. *See Hessefort*, 317 F. Supp. 3d at 1060 ("[A]ny financial difference is meaningful in determining a lead plaintiff.").

To calculate movants' losses, courts prefer the last-in first-out (LIFO) methodology. *See Strong v. AthroCare Corp.*, No. 08-cv-574, 2008 WL 11334942, at *6 (W.D. Tex. Dec. 10, 2008) ("The majority view seems to be that approximate losses should be calculated using the LIFO method."). LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005).

### 2. The Court Should Use The Most Inclusive Class Period To Determine Financial Interest

The two complaints filed in this action allege different class periods. *Compare* Dkt. No. 1 at ¶ 1 (August 9, 2021 to May 17, 2022), *with Kirshner v. Digital Turbine, Inc.*, No. 1:22-cv-00731-RP, Dkt. No. 1 at ¶ 1 (February 26, 2021 and May 31, 2022). To calculate losses in such cases, courts use the longer, more inclusive, period. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010) ("numerous courts have favored using the longest-noticed class period"); *Doyle v. Reata Pharms., Inc.*, No. 21-cv-00987, 2022 WL 1206580, at *2 n. 1 (E.D. Tex. Apr. 22, 2022) ("the Court will use . . . the longer class period with the earlier start date"); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) ("the longest, most inclusive class period encompasses more potential class members and increases potential damages").

---

*Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006).

###### 3.    Burch Has The Largest Loss Of Any Movant And Thus Has The Largest Financial Interest

Burch has a financial loss of $693,355. Since his financial loss is greater than all other movants (as shown in the below chart), he has the largest financial interest of any movant:[4]

| Movant | LIFO Loss |
|---|---|
| Howard J. Burch | $693,355.24 |
| Melissa Kirshner | $682,393.15 |
| *United Wire Metal & Machine Pension Fund* | *$238,565.00* |
| *Local 810 Affiliated Pension Plan* | *$75,536.25* |
| *City of Pontiac Reestablished General Employees Ret. Sys.* | *$205,684.15* |
| Fund Group Total | $519,785.40 |

Since Burch also satisfies the requirements of Rule 23, and filed a timely motion, Burch is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.    The Presumption That Burch Is The Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Burch would be inadequate or subject to unique defenses. Moreover, Burch is not aware of any possible basis for

---

[4] All loss values in this chart are calculated using an updated 90-day average price ending August 17, 2022 to value losses on retained shares, as appropriate under the PSLRA. *See* 15 U.S.C. § 78u-4(e) (Limitation on Damages). The PSLRA limits damages on shares held following a corrective disclosure to "the difference between the purchase . . . price paid . . . and the mean trading price of that security during the 90-day period beginning on the date [of the corrective disclosure]." *Id*. As a result of changes in the market price of Digital Turbine shares since the lead plaintiff motions were initially filed, the gap between Burch's loss and Kirshner's has widened.

Since the final corrective disclosure alleged in this action occurred on May 31, 2022, the 90-day period will conclude on August 29, 2022. If the Court desires, Burch can provide final loss figures after August 29, 2022. However, due to the relatively short amount of time left in the period and the current value of the company's stock, it is extremely unlikely that any other movant will have a greater financial loss than Burch at the conclusion of the 90-day period.

such a contention.  In fact, Burch would be more than merely adequate. As explained in his opening memorandum, Burch is a retired business owner with more than 15 years experience managing his own investments.[5] As such, Burch should be appointed as lead plaintiff, and no other movant is entitled to consideration.

### C.    The Lead Plaintiff's Choice Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Burch's selection of Glancy Prongay & Murray LLP as lead counsel for the class, and Ahmad, Zavitsanos & Mensing P.C. as liaison counsel for the class should be approved. As reflected by the firms' résumés, the firms possess extensive experience in securities litigation, and the skills and resources necessary to efficiently and effectively prosecute this action. *See* Dkt. Nos. 20-5, 20-6 (firm résumés). By approving Burch's' selection of counsel, the Court will ensure the class will receive the highest caliber of legal representation. Accordingly, Burch's selection of lead counsel for the class should be approved. *See Stein v. Match Grp., Inc.*, No. 3:16-cv-549, 2016 WL 3194334, at *8 (N.D. Tex. June 9, 2016) (approving Glancy Prongay & Murray LLP as lead counsel). !

### III.    CONCLUSION

For the foregoing reasons, Burch respectfully requests that the Court enter an Order: (1) appointing Burch as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel

---

[5] While Burch is not an institutional investor, that fact does not rebut the presumption that Burch is the most adequate plaintiff. *See In re Alcatel Alsthom*, No. MDL 1263, 1999 WL 33756548, at *5 (E.D. Tex. June 7, 1999) (to appoint an institution over a presumptively most adequate individual "would violate the plain language of the statute, and work to undermine the presumption crafted by Congress").

and Ahmad, Zavitsanos & Mensing P.C. as Liaison Counsel for the class; and (3) denying the competing motions.

Dated: August 19, 2022          Respectfully submitted,

**AHMAD, ZAVITSANOS & MENSING P.C.**

*/s/ Sammy Ford IV*
Sammy Ford IV
State Bar No. 24061331
Jordan Warshauer
State Bar No. 24086613
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email:  sford@azalaw.com
        jwarshauer@azalaw.com

*Liaison Counsel for Lead Plaintiff Movant Howard J. Burch and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Howard J. Burch and Proposed Lead Counsel for the Class*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, August 19, 2022, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Sammy Ford IV*
Sammy Ford IV

8