UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAY ROBISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL TURBINE, INC., et al.,<br><br>Defendants. | § § § § § § § § § § § § § § | Civil Action No. 1:22-cv-00550-RP |
| MELISSA KIRSHNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL TURBINE, INC., et al.,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. 1:22-cv-00731-RP |

**THE PENSION FUNDS AND RETIREMENT SYSTEM'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF**

**I.    INTRODUCTION**

There are three motions pending by investors seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in the above-captioned cases: (1) United Wire Metal and Machine Pension Fund, Local 810 Affiliated Pension Fund, and City of Pontiac Reestablished General Employees' Retirement System (the "Pension Funds and Retirement

- 1 -

4856-3950-3406.v1

System") (ECF 18); (2) Howard J. Burch (ECF 20); and (3) Melissa Kirshner (ECF 13).[1]  Of the three, only the Pension Funds and Retirement System trigger the PSLRA's most adequate plaintiff presumption.

Indeed, while Mr. Burch and Ms. Kirshner claim to have suffered a larger market loss than the Pension Funds and Retirement System in one of the two Class Periods at issue, the actual facts are:

- Mr. Burch's $0 loss and Ms. Kirshner's $114,565 loss in the original *Robison* Class Period are far less than the Pension Funds and Retirement System's $407,214 (FIFO) or $342,146 (LIFO) loss.  Of course, that assumes Ms. Kirshner's claimed financial interest is accurate, which is doubtful considering that all but one of Ms. Kirshner's purchases were at an exactly even dollar value.  Even dollar value purchases indicate that: (1) Ms. Kirshner simply guesstimated the purchase prices indicated on her sworn Certification; (2) Ms. Kirshner entirely omitted from her sworn Certification option transactions which granted her the right to acquire shares at even dollar values; or (3) Ms. Kirshner entered market limit orders at the claimed purchase price. Ms. Kirshner's Certification fails to explain her atypical trading.

- Even assuming Mr. Burch or Ms. Kirshner could plausibly claim to have suffered the biggest loss, neither made the requisite Fed. R. Civ. P. 23 adequacy showing as both are unknown individuals.  The Court knows nothing about their backgrounds or qualifications to lead this multi-million dollar complex litigation on behalf of the putative class.

For each of these reasons, Mr. Burch's and Ms. Kirshner's motions should be denied.

In contrast to Mr. Burch and Ms. Kirshner, the Pension Funds and Retirement System suffered a substantial loss in both Class Periods and, as perpetual institutions with experience serving as fiduciaries, are the paradigmatic lead plaintiff.  Their motion should be granted.

## II.    ARGUMENT

Enacted almost three decades ago, the PSLRA sets forth the procedure for selecting a lead plaintiff in a securities class action lawsuit.  *See* 15 U.S.C. §78u-4(a)(3)(B).  Pursuant to the PSLRA,

---

[1]    Jonathan Plante filed a notice of non-opposition (ECF 23) and James Lowry withdrew his motion (ECF 24).  Unless otherwise indicated herein, all emphasis is added and all citations and footnotes are omitted.

4856-3950-3406.v1

the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Indeed, "[o]ne of the main goals of the PSLRA is 'to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being lawyer-driven.'" *Strong v. AthroCare Corp.*, 2008 WL 11334942, at \*3 (W.D. Tex. Dec. 10, 2008) (quoting *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411-12 (S.D. Tex. 2000)). As the Fifth Circuit has emphasized, "the lead plaintiff should be an investor capable of understanding and controlling the litigation." *Berger v. Compaq Comput. Corp.*, 279 F.3d 313, 313 (5th Cir. 2002).

To effectuate this goal, the PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" not just that "has the largest financial interest in the relief sought by the class," but also "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mullins v. AZZ, Inc.*, 2018 WL 7504312, at \*1 (N.D. Tex. Aug. 9, 2018) ("'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .'"). While the "inquiry at this stage is not as searching as would follow a motion for class certification," the movant "must make some showing that its claims are typical of the putative class and that it has the capacity to adequately represent the class." *Buettgen v. Harless*, 263 F.R.D. 378, 381 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (movant "must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members"). Finally, the PSLRA's "most adequate plaintiff" presumption can be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: "(aa) will not fairly and adequately protect the

- 3 -

interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

> **A.     The Individual Movants Do Not Trigger the Most Adequate Plaintiff Presumption**
>
> > **1.     The Pension Funds and Retirement System Possess the Largest Financial Interest in the Relief Sought by the Class in the First-Filed *Robison* Class Period**

There are two overlapping Class Periods at issue in this case: the *Robison* Class Period (August 9, 2021-May 17, 2022) and the *Kirshner* Class Period (February 26, 2021-May 31, 2022). The *Robison* Class Period begins upon the announcement of the financial results for the quarter in which the AdColony Holdings AS and Fyber N.V. mergers were completed (on April 29, 2021 and May 25, 2021, respectively). *See Robison* ECF 1 at ¶17. By contrast, the *Kirshner* Class Period begins months ***before*** each merger was completed, when the AdColony merger was initially announced on February 26, 2021. *See Kirshner* ECF 1 at ¶19. The Fyber merger was not even announced until March 22, 2021. *Id.* at ¶20.

The movants' financial interests in each Class Period are as follows:

| MOVANT | *ROBISON* LOSS (08/09/21-05/17/22) | *KIRSHNER* LOSS (02/26/21—05/31/22) |
|---|---|---|
| **Pension Funds and Retirement System** | **$407,214** | **$529,986** |
| Howard J. Burch | $0 | $699,764 |
| Melissa Kirshner[2] | $114,565 | $693,152 |

---

[2]    All but one of Ms. Kirshner's purchases were at an even dollar value. *See* ECF 15-1. Even dollar value purchases indicate that: (1) Ms. Kirshner guestimated the purchase prices indicated on her sworn Certification; (2) Ms. Kirshner omitted option transactions from her sworn Certification which granted her the right to acquire shares at even dollar values; or (3) Ms. Kirshner entered market limit orders at the claimed purchase price. Two of these scenarios would be disqualifying. *See Siegel v. Boston Beer Co., Inc.*, 2021 WL 5909133, at *7 (S.D.N.Y. Dec. 14, 2021) (agreeing that "appointing a lead plaintiff with unverified losses that turn out to be inaccurate 'can result in the class losing representation at a critical stage of the case'").

4856-3950-3406.v1

*See* ECF 20-4, 15-1, 19-4.  Thus, while the Pension Funds and Retirement System acknowledge they lack the largest financial interest in the *Kirshner* Class Period, the Pension Funds and Retirement System do possess the largest financial interest in the *Robison* Class Period.

Indeed, as the table above confirms, Ms. Kirshner's counsel plainly expanded the Class Period solely to encompass her purchases made shortly after the AdColony and Fyber mergers were announced (*see* ECF 15-1), which is reason alone to deny her motion.  *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) ("[t]here is a risk, however, to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest"); *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 536 (N.D. Ohio 2001) (plaintiffs "cannot simply define the class they seek to represent").  The implications of these facts for the putative class are obvious: if the Court declines to uphold the longer *Kirshner* Class Period but does sustain the case as originally filed, Mr. Burch would not be a member of the putative class and Ms. Kirshner would possess the smallest financial interest.[3]  To avoid either scenario, the Court should appoint the Pension Funds and Retirement System as lead plaintiff either alone or, at a minimum, appoint the movants with the largest financial

---

[3]   It is not speculative to consider this plausible scenario considering that the *Kirshner* complaint fails to articulate how investors could possibly have been misled about Digital Turbine's failure to report revenues for the AdColony and Fyber product lines "net of license fees and revenue share, rather than on a gross basis" **before** the mergers closed.  *See Kirshner* ECF 1 at ¶35; *see also Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*, 2021 WL 913934, at *3 (D. Utah Mar. 10, 2021) (declining to consider the longer proposed class period in determining which proposed lead plaintiff has the largest financial interest where the complaint "failed to support its proposed class period with **any** sufficient allegations of fact") (emphasis in original).  To be clear: Digital Turbine did not include revenues for AdColony and Fyber in its financial results until August 9, 2021 – the start of the *Robison* Class Period.  The vast majority of Ms. Kirshner's purchases were in March, April, and May 2021 – many months before that date.

- 5 -

4856-3950-3406.v1

interest in each period as lead plaintiff together, *i.e.*, the Pension Funds and Retirement System and Mr. Burch.[4]

Even if the Court prefers to base its financial interest determination on the *Kirshner* Class Period, there are ample reasons to conclude that neither Mr. Burch nor Ms. Kirshner should be appointed lead plaintiff.

### 2. Mr. Burch and Ms. Kirshner Are Unknown Individuals Who Failed to Make the Requisite Adequacy Showing in Support of Their Motions

All that is known about Mr. Burch and Ms. Kirshner is essentially their names and claimed financial interest which does not support a *prima facie* finding of adequacy. *See Haghebaert v. Tandy Leather Factory, Inc.*, 2020 WL 4680193, at *2 (N.D. Tex. Apr. 8, 2020) ("Haghebaert has not made even a preliminary showing as to this prong of the adequacy requirement. He does not so much as state in boilerplate form that he is directing the litigation or is particularly informed regarding the action."); *Siegel*, 2021 WL 5909133, at *7 ("by not providing an initial declaration

---

[4]   *See, e.g.*, *Steamfitters Loc. 449 Pension & Ret. Sec. Funds v. Sleep No. Corp.*, 2022 WL 1607306, at *6 (D. Minn. May 20, 2022) ("the Court finds that the appointment of an individual investor and institutional investor as co-plaintiffs will ensure adequate representation of the class"); *Sayce v. Forescout Techs., Inc.*, 2020 WL 6802469, at *8 (N.D. Cal. Nov. 19, 2020) ("adding Meitav as co-lead counsel will best protect the interests of the class should issues later arise specific to the year-long class period before the merger announcement, when only Meitav had stock purchases"); *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 131 (D. Conn. 2005) ("the Court exercises its discretion and, acting in the best interests of the purported class members, appoints Pathway Investments as a co-lead plaintiff" along with an individual that suffered the greatest loss and recognizing the "institutional knowledge and resources Pathway Investments would bring to the litigation"); *Johnson v. Pozen Inc.*, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) (finding it appropriate to appoint individual and institution as lead plaintiff because they "will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason"); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. 2003) (exercising discretion in appointing an institutional investor as lead plaintiff with individual investor to "ensure that all class members will be adequately represented"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C. D. Cal. 1999) ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone.").

4856-3950-3406.v1

with his motion, Cortes failed 'to make a preliminary showing of adequacy under Rule 23'"); *In re HEXO Corp. Sec. Litig.*, 2020 WL 5503634, at *1 (S.D.N.Y. Sep. 11, 2020) ("[A]mple case law supports what one would have thought is an uncontroversial point – namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication."); *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (denying individuals' lead plaintiff motion where they failed to demonstrate "that they are the type of sophisticated investor who can control a multi-million dollar class action" and finding that "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task"). The fact that Mr. Burch and Ms. Kirshner are otherwise unknown individuals (rather than perpetual organizations) poses real risks to the class. *See generally In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST, ECF 85 (N.D. Cal. Jan. 10, 2022) (ordering republication of notice and filing of new lead plaintiff motions after suggestion of death filed for existing lead plaintiff).

What little other information was provided is inaccurate. For example, while Ms. Kirshner's civil cover sheet states that she resides in New York County, NY (*Kirshner* ECF 1-3), the Pension and Retirement Funds' counsel was unable to locate a Melissa Kirshner in that county, but did locate an individual with that name residing in Roslyn Heights, NY which is in Nassau County.[5] Careless errors like these about basic, biographical facts "weigh heavily against" a movant's appointment and have been found to be disqualifying. *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *6, *9

---

[5]    Ms. Kirshner is the subject of an ongoing foreclosure case in Nassau Supreme Court, *PNC Bank, N.A. v. Kirshner, Melissa*, Index No. 0611372/2017, and was sued by her former divorce attorney in Nassau Supreme Court, *Jeffrey S. Schecter & Assocs., P.C. v. Kirshner, Melissa*, Index No. 0612995/2018, for breach of contract and failure to pay $120,000 as part of a stipulated settlement amount on $147,186 in fees actually owed. Her former divorce attorney won a default judgment against Ms. Kirshner in that case. Ms. Kirshner was formerly married to Jay Kirshner, an owner of Kings Pharmacy in New York, who pleaded guilty to health care fraud in March 2010 and was sentenced in 2011 to 30 months in prison and ordered to pay $2.4 million in restitution. *See* https://www.liherald.com/stories/dinapoli-pharmacy-owner-bilked-state-out-of-700000,31760.

4856-3950-3406.v1

(S.D.N.Y. Nov. 12, 2021) ("The slovenliness of Kaintz's submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative."); *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at \*4 (S.D. Cal. Feb. 12, 2021) ("Whether the error was indeed inadvertent, this omission and lack of attention to detail calls into question the ability of Li to adequately serve as Lead Plaintiff in a class action."); *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at \*5 (N.D. Ill. Jan. 28, 2020) ("Under either scenario, their failure to discover these obvious errors independently warrants a determination that the Wangs will not be adequate representatives of the class."); *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at \*4-\*5 (S.D.N.Y. Sept. 19, 2019) (finding that basic errors "'speak[ ] to a level of carelessness'" that calls movant's "'adequacy and sophistication to be lead plaintiff'" into doubt). Combined, the careless factual inaccuracies and lack of any qualitative information about Mr. Burch's or Ms. Kirshner's abilities to oversee this multi-million dollar complex litigation should result in the denial of their motions.

Neither Mr. Burch nor Ms. Kirshner provided enough accurate information with their motions to enable the Court to conclude that either has made a preliminary showing of adequacy. Thus, even if the Court were to determine that either possessed the largest financial interest, their motions should nonetheless be denied.

**B.      As the Only Institutional Investors Seeking Appointment as Lead Plaintiff, the Pension Funds and Retirement System are the Paradigmatic Lead Plaintiff**

In contrast to Mr. Burch and Ms. Kirshner, the Pension Funds and Retirement System supported their motion with a Joint Declaration evidencing their adequacy. *See* ECF 19-5. Other than noting their relatively smaller financial interest in the *Kirshner* Class Period, the competing movants will likely make no arguments against the Pension Funds and Retirement System's motion.

- 8 -

Moreover, "[a]ppointing the Pension Funds as lead plaintiff has the added benefit of furthering the PSLRA's clear preference for institutional investors to serve as lead plaintiff." *Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 720 (S.D. Tex. 2021) (appointing pension fund with second largest loss as lead plaintiff because movant with largest loss was subject to unique defenses) (citing *Knisley v. Network Assocs., Inc.*, 77 F. Supp. 2d 1111, 1115-16 (N.D. Cal. 1999) ("In enacting the PSLRA, Congress 'unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.'")).

Indeed, in determining which movant is the presumptively most adequate plaintiff, "[t]here is a . . . factor which [courts] cannot overlook.   Under the PSLRA, institutional investors are considered preferred lead plaintiffs." *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) ("many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").   In fact, "[t]his preference has been determinative in other cases, even when an institutional investor has a slightly lower loss than another potential lead plaintiff." *Gentiva*, 281 F.R.D. at 113; *see also Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 853 (E.D. Pa. 2018) ("we conclude the Fund's status as an institutional investor favors it over the two individual investors whose apparent aggregate loss, by their own calculations, is slightly greater than the Fund's" by $6,000 and finding that the "Fund is more capable of representing the interests of the [class] members"); *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (appointing institutional investor over an individual investor with larger losses); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) ("Although Fein indicated in his certification that he is willing to assume the responsibilities of lead plaintiff and class representation, he is not an institutional investor. . . .   In order to address this concern, the Court designates both Fein and the Investor Group,

4856-3950-3406.v1

which includes institutional investor New Hayward Holdings, Ltd., as co-lead plaintiffs in the belief that together, they can ensure adequate representation to the prospective class.").

Here, while Mr. Burch and Ms. Kirshner purport to have suffered numerically larger losses than the Pension Funds and Retirement System in the subsequently filed *Kirshner* Class Period, as in *Juliar*, the Court should find the "difference is minimal and . . . does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs." 2009 WL 1955237, at *2; *see also Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (finding that $40,000 difference between movants was a "very slight difference" that was not "outcome determinative" and could not "dictate such an important result," and "treat[ing] these losses as roughly equal"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (finding that an institutional investor was "the more adequate and preferable" of two plaintiffs, despite having suffered "slightly lower" losses).

Precisely because of this preference for institutional investors with experience serving as lead plaintiff in complex cases like this, courts have opted to appoint institutional investors as lead plaintiff alongside individual investors, even where the loss differential is more than double. *See, e.g.*, *Odeh v. Immunomedics, Inc.*, 2019 WL 8091604, at *3 (D.N.J. Sept. 10, 2019) (appointing institutional investor as co-lead plaintiff alongside individual investor that suffered nearly two times greater losses because the individual "'will be able to benefit from the investment experience of [the Fund], as an institutional investor'"); *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing an institutional investor with claimed losses of less than $2,000 as co-lead plaintiff after expressing concerns over the ability of the individual movants with $30,045 and $169,200 in losses to lead the litigation on behalf of the class because "the Pension Fund has the expertise to prosecute the litigation in the manner contemplated by the PSLRA"); *Cable & Wireless*, 217 F.R.D. at 376 (exercising discretion in

appointing an institutional investor as lead plaintiff with individual investor to ensure adequate representation).

Because the Pension Funds and Retirement System satisfy all of the PSLRA's requirements for appointment as lead plaintiff, their motion should be granted.

## III.   CONCLUSION

Neither Mr. Burch nor Ms. Kirshner trigger the PSLRA's most adequate plaintiff presumption.  Consequently, their motions should be denied.

DATED:  August 19, 2022

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)


*s/ Joe Kendall*
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4856-3950-3406.v1

- 12 -

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

Additional Counsel for Proposed Lead Plaintiff

4856-3950-3406.v1

**CERTIFICATE OF SERVICE**

I caused the filing of the foregoing document and attached exhibits through the Court's

CM/ECF system on August 19, 2022, which will serve all counsel of record.


*s/ Joe Kendall*

JOE KENDALL

4856-3950-3406.v1